## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMETRIA WILLIAMS,

                Plaintiff,

                v.

EXPRESS ONE LOGISTICS, INC.,

                Defendant.

Civil Action No. 15-0254 (BAH)

Judge Beryl A. Howell

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a joint motion to approve a settlement agreement entered into by the plaintiff, Demetria Williams, and the defendant, Express One Logistics, Inc., in order to resolve this Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*., suit.  *See* Joint Mot. Approve Settlement ("Joint Mot."), ECF No. 10.   For the reasons stated below, the motion is granted and the settlement is approved.

## I.  BACKGROUND

The defendant provides freight shipping services throughout Washington, D.C., Maryland, and Virginia.  *See* Compl. ¶ 6, ECF No. 1-1.  The plaintiff worked at one of the defendant's Washington, D.C. warehouses and worked as a delivery driver.  *Id.* ¶¶ 1, 13.  The plaintiff alleges that she began her employment with the defendant on approximately March 1, 2012.  *Id.* ¶ 14.  During the period of her employment between March 2012 and November 2014, the plaintiff worked between 50 to 62 hours per week, yet never received any overtime wages. *Id.* ¶ 22.  During this period, from approximately March 1, 2012 until May 20, 2013, the defendant paid the plaintiff approximately $500 per week; from approximately May 20, 2013 until July 14, 2014, the plaintiff was paid approximately $570 per week; and from approximately

July 14, 2014 until November 2014, the plaintiff was paid approximately $749 per week.  *Id.* ¶¶ 15, 18, 20.

The plaintiff filed suit on February 19, 2015, seeking unpaid overtime wages under the FLSA, the D.C. Minimum Wage Revision Act, D.C. Code §§ 32-1001, *et seq.*, and the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301, *et seq.*  Prior to any responsive pleading, and after two extensions of time to file an answer, the parties jointly requested a two-week stay of proceedings in order to finalize a settlement agreement.  *See* Joint Mot. to Stay, ECF No. 9.  Subsequently, the parties filed a motion requesting approval of a proposed settlement agreement.  *See* Joint Mot.  Under the terms of the settlement agreement, the defendant would pay the plaintiff a total of $15,000 in two separate installments, with $4,000 of the total sum allocated for attorneys' fees for plaintiff's counsel.  *See* Joint Mot. ¶ 4; Settlement Agreement and Release of All Claims ¶ 1(a) ("Settlement Agreement"), ECF No. 10-1.  In consideration for these payments, the plaintiff would provide the defendant with a general release of all claims arising from the "facts or circumstances that occurred before the date on which [the defendant] executes th[e] agreement."  Settlement Agreement ¶3(a).

The parties stipulate that this amount represents "only a slight discount from the actual damages claimed by Plaintiff."  Joint Mot. ¶ 4.  Both parties were represented throughout the proceedings and negotiations by their counsel of choice and consulted with counsel prior to entering into the agreement.  *See generally id.*  Now pending before the Court is the parties' joint motion to approve the settlement.

## II.    LEGAL STANDARD

The D.C. Circuit has not opined about whether judicial approval is required for FLSA settlements reached after a FLSA suit has been filed or the related issue of whether such approval

is a prerequisite for subsequent judicial enforcement of a private settlement.  Another Judge in this District, citing Supreme Court precedent and the decisions of other Circuits, noted that "[i]t is a long-held view that FLSA rights cannot be abridged or otherwise waived by contract because such private settlements would allow parties to circumvent the purposes of the statute by agreeing on sub-minimum wages."  *Beard v. Dist. of Columbia Hous. Auth.*, 584 F. Supp. 2d 139, 143 (D.D.C. 2008) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946); *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981); *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007), *superseded on other grounds*, *Whiting v. Johns Hopkins Hosp.*, 416 F. App'x 312 (4th Cir. 2011); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

No binding caselaw in this Circuit requires a district court to assess proposed FLSA settlements *ex ante*.  Declining to do so, however, leaves the parties in an uncertain position.  If the parties privately settle FLSA claims and seek dismissal of the suit by filing a Rule 41 motion, the private settlement may be held unenforceable if the employer subsequently attempts to enforce the employee's waiver of claims under the settlement agreement.  *Cf. Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 256–57 (5th Cir. 2012) (enforcing private settlement agreement entered into without judicial consent where court determined that a bona fide dispute had existed when settlement was entered).  "[U]ntil some court determines that there was a bona fide dispute as to how much plaintiff was owed in wages, and that the offer of judgment fairly compromises it, the employer has not eliminated its risk" of future litigation exposure, and could ultimately find its settlement to be ephemeral.  *Picerni v. Bilingual Seit & Presch. Inc.*, 925 F. Supp. 2d 368, 372 (E.D.N.Y. 2013).

**III.    DISCUSSION**

In reviewing a FLSA settlement, the Court must find that the proposed settlement resolves a bona fide dispute.  *See Sarceno v. Choi*, No. 13-1271, 2015 WL 365927, at *3 (D.D.C. Jan. 29, 2015); *Lynn's Food*, 679 F.2d at 1354–55.  Once a bona fide dispute has been established, the Court must consider "'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 132 (D.D.C. 2014) (quoting *Lliguichuzhca v. Cinema 60, L.L.C.*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (alteration in original)); *Sarceno v. Choi*, No 13-1271, 2014 WL 4380680, at *12 (D.D.C. Sept. 5, 2014). After carefully reviewing the settlement in the instant action, the Court determines that the parties' proposed settlement resolves a bona fide dispute and is a reasonable compromise of disputed issues.

A settlement is bona fide if it "reflect[s] a reasonable compromise over issues . . . that are actually in dispute," *Lynn's Food*, 679 F.2d at 1354, rather than a mere waiver of a party's right to a guaranteed minimum wage, since an employee may not waive his entitlement to minimum wage and overtime pay, *see Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945).  "No 'bona fide dispute' under the FLSA can exist when one party to the dispute is unaware of the dispute due to ignorance over his or her legal rights."  *Sarceno*, 2014 WL 4380680, at *11.  For example, in *Sarceno*, this Court refused to approve a FLSA settlement where: (1) the parties signed the settlement agreement prior to the initiation of the FLSA lawsuit; (2) the plaintiffs were "unaware of any dispute" regarding the legality of their wages at the time they entered into the settlement agreement; (3) the plaintiffs were given only short notice regarding the meeting where the settlement was presented; (4) the plaintiffs had no legal representation when they

4

entered the settlement agreement; and (5) the plaintiffs were not provided with a translator or a translated copy of the settlement agreement.  *Id.*  By contrast, in the instant matter, the settlement agreement was executed after the parties initiated suit, the plaintiff was represented by counsel of her choice throughout the lawsuit, and the plaintiff and her counsel had sufficient time to investigate the factual basis of the claims and defenses raised in the suit.  *See* Joint Mot. ¶ 3 (discussing "two months" of negotiations).  The Court is satisfied that the present action is a bona fide dispute regarding the wages owed to the plaintiff by the defendant.

To determine whether an FLSA settlement is fair, reasonable, and adequate, rather than merely a waiver of rights, a court must take account of "the totality of circumstances."  *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Under this approach, the focus is on the fairness of the process used by the parties to reach settlement and the practical ramifications of the settlement.  Specifically, the court must consider whether the proposed settlement (1) was the product of "overreaching" by the employer; (2) whether the settlement was "the product of negotiation between represented parties following . . . [a]rm's length bargaining[;]" and (3) whether there exist serious impediments to the collection of a judgment by the plaintiff.  *Lliguichuzhca*, 948 F. Supp. 2d at 365–66; *see also Carrillo*, 51 F. Supp. 3d at 132.

In making this evaluation, a "[c]ourt should be mindful of the strong presumption in favor of finding a settlement fair."  *Velez v. Audio Excellence, Inc.*, No. 10-1448, 2011 WL 4460110, at *1 (M.D. Fl. Sept. 21, 2011) *report and recommendation adopted by* 2011 WL 4460104, at *1 (M.D.Fla. Sept. 26, 2011).  Indeed, courts must be aware that "after all, settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution."  *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995); *see also Crabtree v. Volkert, Inc.*, No. 11-529, 2013 WL 593500, at *3 (S.D.

Ala. Feb. 14, 2013) (noting that "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)) (internal quotation marks omitted)).  Applied to the instant settlement, the Court is satisfied that the settlement agreement represents a fair and reasonable compromise between the parties.

As to the first element, whether the settlement is a result of employer "overreaching," the parties have not provided an estimate as to the total amount of money the plaintiff is owed, making an evaluation of where the settlement amount falls between the plaintiff's position and the defendant's difficult.  *Cf. Carrillo*, 51 F. Supp. 3d at 133 (discussing $22,000 gap between plaintiffs' asserted claim for wages owed and defendants' belief as to maximum exposure). Nonetheless, the parties represent that the total award reflects only "a slight discount from the actual damages claimed by Plaintiff."  Joint Mot. ¶ 4.  This strongly suggests that the settlement is not a product of employer overreach.  The parties also represent that the defendant "raised significant issues with respect to Plaintiff's claim of overtime hours worked and the method for calculating any alleged unpaid wages."  *Id.*  ¶ 4.  Keeping in mind the "presumption in favor of finding a settlement fair," *Velez*, 2011 WL 4460110, at *1, the Court is reluctant to contradict the judgment of the parties in consultation with their counsel that the amounts agreed upon reflect a reasonable compromise.

The second element, whether the agreement is a result of arm's length negotiation, is likewise met in the instant action.  Both parties were represented by counsel throughout the proceedings and plaintiff's counsel is experienced in employment law litigation.  Both parties represent that "the parties resolved this matter in an arms-length agreement while on the precipice of extensive litigation" and following approximately "two months" of negotiations.

Joint Mot.  ¶¶ 3, 5.  Indeed, the defendant was permitted two extensions of time to file an answer in order to confer with the plaintiff regarding the issues in the case.  *See* Minute Order, dated April 16, 2015; Minute Order, dated May 8, 2015.  In addition the agreement contemplates attorneys' fees of just under one-third of the total recovery.  *See* Settlement Agreement at 1(b).  Accordingly, the Court finds that the parties' settlement agreement is the product of arm's length negotiation.

Finally, as to the third element, accounting for the difficulty of collecting any judgment, the parties aver that they "engaged in discussions regarding the legal merits of the applicable claims and defenses, especially as it pertained to the appropriate method for calculating the amount of overtime allegedly owed."  Joint Mot. ¶ 2.  Although the defendant has not detailed its proposed defenses in this action, the Court is satisfied that the settlement appropriately considers the potential benefits and pitfalls of proceeding to trial given the representations made by the parties regarding their review and evaluation of the case.  *See* Joint Mot. ¶ 4 (acknowledging that "Defendant raised significant issues with respect to Plaintiff's claim of overtime hours worked and the method for calculating any alleged unpaid wages, as well as the uncertain nature of litigation . . . .").

Accordingly, upon consideration of the parties' Joint Motion to Approve Settlement, the accompanying memoranda and exhibits, and the entire record herein, for the aforementioned reasons, it is hereby

**ORDERED** that the parties' Joint Motion to Approve Settlement is **GRANTED**; and it is further

**ORDERED** that the Settlement Agreement attached to the Joint Motion, docketed at ECF No. 10-1 is **APPROVED**; and it is further

**ORDERED** that this matter is dismissed with prejudice.

**SO ORDERED.**

Date: June 18, 2015

_____
BERYL A. HOWELL
United States District Judge